UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES VAN RHEE and TAMARA VAN RHEE, | |
| Plaintiffs, | No. 14 CV 9248 |
| v. | Judge Manish S. Shah |
| JOSEPH MICUCCI, et al., | |
| Defendants. | |

**ORDER**

Defendants Jay Crowley, Realty Partners LLC, and Keller Williams Realty, Inc.'s motion to dismiss [44] is denied as moot. Defendants Joseph and Elizabeth Micucci's motion to dismiss [47] is granted in-part, and denied in-part as moot. Count III is dismissed as to the Micuccis. Counts IV and V are dismissed as to all defendants.

**STATEMENT**

Plaintiffs James and Tamara Van Rhee claim defendants Joseph and Elizabeth Micucci knowingly sold them a house without disclosing that it was prone to flooding. Plaintiffs further allege that defendants Jay Crowley, Realty Partners LLC, and Keller Williams Realty, Inc. ("the Realtor Defendants") all served as the Micuccis' real estate agents for the transaction, and all knew the house experienced flooding. The First Amended Complaint alleges claims for fraud, negligent misrepresentation, consumer fraud, civil conspiracy, and negligent infliction of emotional distress.[1]

The Realtor Defendants moved to dismiss plaintiffs' negligent infliction of emotional distress claim (Count V) for failure to state a claim. [44]. The Micuccis moved to dismiss plaintiffs' claims for consumer fraud (Count III), civil conspiracy (Count IV), and negligent infliction of emotional distress (Count V), for failure to

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiffs are citizens of Connecticut. The Micuccis and Crowley are citizens of Illinois. The members of Realty Partners LLC are citizens of Illinois. Keller Williams, Inc. was incorporated—and is principally located—in Texas.

state a claim. [47]. Plaintiffs responded to both motions by moving to voluntarily dismiss Count III as to the Micuccis and Count V as to all defendants. [62] ¶¶ 1–2. Because I grant these new motions from plaintiffs, the Realtor Defendants' motion is denied as moot and the Micuccis' motion is denied in-part as moot.

All that remains, therefore, is the Micuccis' motion under Rule 12(b)(6) to dismiss plaintiffs' civil conspiracy claim (Count IV).[2] Plaintiffs allege the Micuccis and the Realtor Defendants conspired to prevent plaintiffs from discovering that the house had flooded, and that they furthered this conspiracy by (1) hiding photographs that showed changes to the house, (2) hiding a dam the Micuccis used to keep water out of the house, (3) generally keeping silent about the prior floods, (4) submitting false disclosures, and (5) listing the house for sale without disclosing the prior floods.

The Micuccis say Count IV should be dismissed because the First Amended Complaint alleges that the Realtor Defendants were the Micuccis' agents. Under Illinois law, a principal and her agent cannot conspire together because the acts of the agent constitute the acts of the principal. *Alpha School Bus Co., Inc. v. Wagner*, 391 Ill.App.3d 722, 738 (1st Dist. 2009). Plaintiffs, by contrast, say their specific allegations—that the Realtor Defendants were plaintiffs' "real estate agents"—do not require the conclusion that a legal principal-agent relationship existed between the two. Instead, plaintiffs believe their allegations reasonably support the theory that the Realtor Defendants were independent contractors. The Micuccis rebut this argument, however, with citation to the Illinois Real Estate License Act, which states:

> Licensees shall be considered to be representing the consumer they are working with as a *designated agent* for the consumer unless: (1) there is a written agreement between the sponsoring broker and the consumer providing that there is a different relationship; or (2) the licensee is performing only ministerial acts on behalf of the consumer.

---

[2] "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). In reviewing the sufficiency of a complaint, a court accepts the well-pleaded facts as true. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

225 ILCS 454/15-10 (emphasis added). "Designated agent," in turn, describes a licensee who acts as a client's "legal agent[]." 225 ILCS 454/15-50; *see also Blocklinger v. Schlegel*, 58 Ill.App.3d 324, 327 (3d Dist. 1978) ("Before a fiduciary duty arises it must be proven that a realtor has been employed by someone and that he is therefore an agent for them."). Nothing in the complaint suggests the Micuccis had a written agreement with a sponsoring broker providing for a different relationship, or that the Realtor Defendants performed only ministerial acts on behalf of the Micuccis. Accordingly, when the Realtor Defendants served as the Micuccis' real estate agents, their principal-agent relationships prevented them from forming a conspiracy.[3]

In the alternative, plaintiffs argue that an exception to this Illinois rule applies here. "The exception to this rule is where the interests of a[n] . . . agent diverge from the interests of the . . . principal and the agent at the time of the conspiracy is acting beyond the scope of his authority or for his own benefit, rather than that of the principal." *Bilut v. Northwestern University*, 296 Ill.App.3d 42, 49 (1st Dist. 1998).[4] Plaintiffs claim this exception applies here because—given the commissions and fees the Realtor Defendants would receive upon the house's sale—they "had self-interested motives to join the conspiracy, and were therefore not merely directed by the Micuccis." [62] ¶ 10. This argument misses the mark, however, because the First Amended Complaint does not support any inference that the interests of the Micuccis and the Realtor Defendants diverged in the least, or that they acted outside their scopes as agents. Just as the Realtor Defendants benefitted from the conspiracy through commissions and fees, so too did the sellers benefit

---

[3] Plaintiffs argue that "even if the First Amended Complaint does allege that the Micuccis were the principals in a principal-agent relationship, this is a conclusion of law that is not taken as true on a motion to dismiss. The agency relationship was not a fact. There is a set of facts consistent with the allegations of the First Amended Complaint that support a finding of civil conspiracy." [62] ¶ 7. I disagree. By alleging that each of the Realtor Defendants served as an Illinois real estate agent to the Micuccis, [41] ¶¶ 10–12, plaintiffs necessarily pleaded themselves out of court on Count IV because Illinois law imposes agency onto such relationships. *See* 225 ILCS 454/15-10.

[4] Plaintiffs cite *Wisniewski v. Asset Acceptance Capital Corp.*, 2009 WL 212155 at *7 (N.D. Ill. 2009), which frames the exception as "where individual agents act out of self-interest." While this phrasing may suggest it suffices for an agent to benefit from a conspiracy for the exception to apply, *Wisniewski* as a whole reveals that this reference to "self-interest" actually denotes the more narrow set of circumstances in which the agent's interests diverge from the principal's. Plaintiffs' other cited case, *Mehl v. Navistar Internationl Corp.*, 670 F.Supp 239, 241 (N.D. Ill. 1987), contains language from the treatise *Fletcher Cyclopedia* that is consistent with the broader version of the exception, but that authority is far less persuasive on the subject of Illinois law than the Illinois decision *Bilut*.

through an inflated sales price. Therefore, on Count IV, the Micuccis' motion is granted.

ENTER:

Date: 6/30/15

Manish S. Shah
U.S. District Judge